GEORGE D. HARDESTY III v. TED FERRELL, JR.

No. 7915SC368

(Filed 18 December 1979)

Partnership § 1.1— inadequate instructions on formation of partnership

The trial court's instructions on the law applicable to the formation of partnerships were inadequate where the court failed to instruct on the applicable statutory rules for determining the existence of a partnership which are set forth in G.S. 59-37.

APPEAL by defendant from *Battle, Judge*. Judgment entered 20 October 1978 in Superior Court, ORANGE County. Heard in the Court of Appeals 29 November 1979.

Plaintiff brought this action seeking, among other things, a formal account as to partnership affairs. At the close of plaintiff's evidence, and on motion of defendant, it was ordered that only the issue of whether a partnership existed would be submitted to the jury with reference to plaintiff's claim. That issue was as follows: "Did the plaintiff, George D. Hardesty III, and the defendant, Ted Ferrell, Jr., form a partnership for the operation of The Keg Nightclub in June of 1974?" The jury answered that issue in the affirmative.

*No brief for plaintiff appellee.*

*Epting, Hackney and Long, by Joe Hackney, for defendant appellant.*

VAUGHN, Judge.

Plaintiff offered evidence tending to show that on 17 June 1974, he and one Sammy Jackson agreed, in writing, to purchase defendant's business in Raleigh known as "The Keg." Revenue for the business came from a charge for admission to watch females dance and the sale of beer. Plaintiff paid defendant $10,000.00 as one-half of the purchase price. After several days it became apparent that Jackson was not going to contribute his part of the money and, consequently, could not participate in the venture. Since plaintiff was only 19 at the time, the plan had been to put the beer license in Jackson's name. Plaintiff and defendant then reached a new agreement on 21 June, whereby plaintiff and defendant would operate the business as a partnership with each partner having an equal interest in the business. Defendant was to keep the beer license in his name and to have operating control of the business. Plaintiff was to pay defendant $15,000.00 for a one-half interest in the business. Defendant was to retain the $10,000.00 already paid by plaintiff and the remaining $5,000.00 was to be paid in installments. It was expected that the business would lose money for the rest of the summer but would become profitable when the college students returned to Raleigh for the fall semester. Both plaintiff and defendant participated in the operation of the business. No bank record was maintained. Both of the parties took in cash, paid expenses in cash and used some of their personal funds in the business. At intervals, plaintiff paid defendant certain sums necessary to balance his cash contributions for business expenses with that of defendant. Plaintiff paid defendant $2,500.00 as his share of the losses during the summer and gave him an additional $1,000.00 toward the purchase of a pinball machine and jukebox. On 30 August 1974, defendant demanded an additional $1,300.00 from plaintiff to equalize their accounts and an additional sum for the purchase of new carpet. Plaintiff told defendant that he would pay him the $1,300.00 but said they should defer buying the carpet until the business began to show a profit. Defendant became very angry and made plaintiff go outside. He pushed plaintiff around and told him that if he did not come up with the carpet money he would have to leave. Defendant demanded plaintiff's keys and threatened him with severe injury if he did not leave. Defendant sent an employee for plaintiff's textbooks and a small box containing his personal

belongings. Plaintiff left and has never returned. Defendant did not return any part of the approximately $13,500.00 plaintiff invested in the partnership.

Defendant's evidence tended to show that there was a written contract for the sale of the business to plaintiff and Jackson for $20,000.00 of which he received $10,000.00 from plaintiff. He estimated that the physical assets of the business were worth about $9,000.00 on 17 June 1974 and that if the business name and good will were to be included, the value of the business would have been about $15,000.00. After plaintiff advised him that Jackson was not going through with his part of the bargain, defendant agreed to let the business operate under his beer license and supervision for which plaintiff was to pay him $100.00 weekly. He denied that he ever agreed or intended to participate in the creation of a partnership with plaintiff. Plaintiff was going to pay the balance of the purchase price in a lump sum. As of 30 August 1974, plaintiff had not paid him any part of the additional $10,000.00 which he felt he was entitled to receive under the original sales contract. On the evening of that day, he told plaintiff to either give him the money or to give him the keys to the business. Plaintiff elected to surrender the keys without being threatened and left the premises. Defendant continued to operate the business as his own until September, 1975, when his lease ran out and he sold the business.

Defendant complains that, in his jury instructions, the judge failed to give adequate instructions on the law applicable to the formation of partnerships. We agree. The instructions were limited to the following:

"Now, members of the jury, I instruct you that a partnership is an association of two or more persons to carry on as co-owners a business for profit. A partnership may be formed by an oral agreement. However, it is necessary that both parties mutually agree to the formation of the partnership. In this case the plaintiff must satisfy you by the greater weight of the evidence that the plaintiff, George Hardesty, III, and the defendant, Ted Ferrell, Jr., mutually agreed to form a partnership and that they did so and operated The Keg as a partnership."

The definition given is correct as far as it goes but it is inadequate. It is the duty of the judge to declare and explain the law arising on the evidence given in the case then being tried. He must also apply the law to the various factual situations presented by the conflicting evidence. *Westmoreland v. Gregory*, 255 N.C. 172, 120 S.E. 2d 523 (1961). The court should have, among other things, given the jury the benefit of the applicable statutory rules for determining the existence of a partnership that are set out in G.S. 59-37.

All of defendant's remaining assignments of error have been carefully considered. They are expressly overruled.

For the reasons stated, there must be a new trial.

New trial.

Judges WEBB and MARTIN (Harry C.) concur.